Hyman Babshay, J.
The defendant moves to suppress and for the return of property seized under a search warrant. He contends that there was no probable cause for the issuance of the warrant; that the evidence seized under the warrant must be suppressed and returned because the statute under which the warrant was issued (Code Crim. Pro., § 792, subd. 4, as enacted by L. 1962, ch. 542), authorizing the seizure of “ property constituting evidence of crime or tending to show that a particular person committed a crime ”, is unconstitutional; finally, the defendant further contends that all things seized but not described in the search warrant must be suppressed and returned.
The search warrant was issued on the affidavit of William C. McKeever of the Brooklyn South Homicide Squad, reading as follows:
“ That upon investigation, and from the records in the Police Department, your deponent ascertained the following information:
“ That, on or about January 7, 1963, about 4:00 a.m., the deceased and one Warren Paul Carroll were present in a bar and grill, known as Bezy’s located at 969 Rogers Avenue, Brooklyn, New York. At that time an argument ensued between the deceased and the said Warren Paul Carroll, as a result of which, the deceased, being a Correction Officer, having the right to carry a revolver, drew the same and pointed it at the said Warren Paul Carroll. After the said argument, the said Warren Paul Carroll left the bar and grill. That from interrogation of witnesses in the neighborhood, your deponent further ascertained that shots were heard at approximately 5:00 a.m., outside of the said bar and grill, and a man was seen running from the direction of the bar and grill to the other side of the street and enter a 1956 Turquoise and White Ford automobile. Further investigation by the police discloses that an automobile of the type aforementioned is registered under the name of Warren Paul Carroll, who resides at 1052 East 37th Street, Brooklyn, New York.
*632 “ Another significant fact which yonr deponent ascertained was that the murder weapon consisting of a Hawthorne Bolt Action 20 gauge shot-gun was found at the foot of G-erritsen Avenue, Brooklyn, New York and that the parents of the said Warren Paul Carroll reside in Gerritsen Beach, within close proximity of the area where the murder weapon was found.
“ It is also important to note that the said Warren Paul Carroll appeared at the District Attorney’s office on the afternoon of January 7,1963 and he stated that he was sure that the police were looking for him for a crime, however, upon the advice of his attorney, he refused to answer any further questions.”
It is clear that the recitals in the foregoing affidavit fully established the requisite probable cause for the issuance of a search warrant (Code Crim. Pro., § 793; U. S. Const., 4th Amdt.; Carroll v. United States, 267 U. S. 132; Steele v. United States, 267 U. S. 498; Jones v. United States, 362 U. S. 257, 271; Brinegar v. United States, 338 U. S. 160; Draper v. United States, 358 U. S. 307).
It is the court’s opinion that subdivision 4 of section 792 of the Code of Criminal Procedure as amended by chapter 542 of the Laws of 1962 is an exercise of legislative power. It was clearly within the competence of the Legislature, under the State’s police power, to extend the right of search and seizure to “ property constituting evidence of crime or tending to show that a particular person committed a crime.”
The police power of the State applies to all matters affecting the lives and security of its citizens. Within constitutional limitations the exercise of the State’s police power is of wide latitude. (Bacon v. Walker, 204 U. S. 311; Weaver v. Palmer Bros. Co., 270 U. S. 402; Barbier v. Connolly, 113 U. S. 27.)
What the Constitution only forbids is an unreasonable search and seizure. It does not delineate the types of property subject to seizure — whether it be the fruits of crime, the instrumentalities, matter of contraband, or the evidence as to its commission. (U. S. Const., 4th Amdt.; N. Y. Const., art. I, § 12.) “ The prohibition of the Fourth Amendment is against all unreasonable searches and seizures ”. (Italics supplied.) (Gouled v. United States, 255 U. S. 298, 305.) Reasonable searches, therefore, may be allowed, and if the thing sought be found, it may be seized.” (Boyd v. United States, 116 U. S. 616, 641.)
Although Gouled v. United States (255 U. S. 298, supra) cited by the defendant, flatly holds that property evidentiary in character may not be seized, either under a search warrant or as incident to an arrest (see, also, Harris v. United States, 331 U. S. 145, 154), it will be noted that the Supreme Court has departed from *633 this principle as an inflexible rule. For example, in Abel v. United States (362 U. S. 217) a prosecution for conspiracy to commit espionage, the following items of evidence were seized as incident to a lawful arrest, and ruled admissible against a motion to suppress: (1) a piece of graph paper, carrying groups of numbers arranged in rows, allegedly a coded message; (2) a forged birth certificate certifying the birth of ‘ ‘ Martin Collins ’ ’ in New York County in 1897; (3) a birth certificate, certifying the birth of “ Emil Goldfus ” in New York in 1902 (Emil Goldfus died in 1903); (4) an international certificate of vaccination, issued in New York to “ Martin Collins ” in 1957; (5) a bankbook of the East River Savings Bank containing the account of “Emil Goldfus”; (6) a hollowed-out pencil containing 18 microfilms; and (7) a block of wood, wrapped in sandpaper, and containing within it a small booklet with a series of numbers on each page, a so-called “ cipher pad.”
It will be noted, further, that the Federal statute governing search and seizure under a warrant is specifically limited to property “ (1) Stolen or embezzled in violation of the laws of the United States; or (2) designed or intended for use or which is or has been used as .the means of committing a criminal offense ”. (Fed. Rules Crim. Pro., rule 41.) There is no doubt that the Supreme Court decisions, limiting searches and seizures to matters other than exclusively evidentiary in character, are necessarily evocative of the Federal statute this circumscribed.
Surely, as afore-stated, there is nothing “unreasonable ” or violative of due process in extending the right of search and seizure to matters of evidence, such as is now contained in subdivision 4 of section 792 of New York’s Code of Criminal Procedure. The same prerequisite of 1 ‘ probable cause ” to be incorporated in an affidavit under procedural safeguards governing all searches and seizures are now fully applicable to the extended area of search and seizure covered by subdivision 4 of section 792 of the Code of Criminal Procedure. “ There is no war between the Constitution and common sense.” (Mapp v. Ohio, 367 U. S. 643, 657.) The search warrant authorizing the seizure of “ a quantity of 20 gauge shells used in a 20 gauge shot-gun ”, constituting the weapon used in the commission of a homicide under investigation, was no general or exploratory search for evidence, but rather a specific search for particularized evidence involving this defendant. (Go-Bart v. United States, 282 U. S. 344; United States v. Lefkowitz, 285 U. S. 452.)
Although the search warrant authorized the seizure of “ a quantity of 20 gauge shells used in a 20 gauge shot-gun, which was used as a weapon in committing a homicide ” other property *634 in addition to the herein described shotgun shells was seized by the officer executing the warrant, as follows:
One sheet from photo album, containing two photos, one Warren, Panther hunting, East Chatham, August, 1951 and one Lyke, The Wild Dog of East Chatham; one copy of Montgomery Ward retail installment contract; one Montgomery Ward blank order blank; one brown imitation leather gun case; one white curtain rod made into a cleaning rod for gun with a large base; 10 pellets from what appears to be from a discharged shotgun shell found in front of cellar.
The court is constrained to order the return of all property seized other than that specifically designated in the search warrant, and the District Attorney consents thereto. The law is definitively laid down in Marron v. United States (275 U. S. 192,196): “ The requirements that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.” (See, also, Woo Lai Chun v. United States, 274 F. 2d 708; “ The Law of Search and Seizure ”, Judge. Nathan R. Sobel, The Pleader, Kings County Criminal Bar Association, p. 41.)