Louis M. Greenblott, J.
This is an appeal by the People from an order of the Police Justice of the Village of Endicott, Honorable Camille Roach, granting a motion of the defendant made pursuant to section 813-c of the Code of Criminal Procedure for the return of certain property seized under a search warrant. Judge Roach also dismissed an information charging the defendant with violation of section 970 of the Penal Law. On July 8, 1963, this court granted a search warrant for the search of the person of the defendant, his automobile and certain premises. After execution of the search warrant and on July 16, 1963, an information was sworn to charging the defendant with violation of section 970 of the Penal Law. The defendant moved pursuant to section 813-c for a return of the property seized and a suppression of its use in evidence. After a hearing, Judge Roach granted the defendant’s motion to suppress the deposition of one Arthur Julius Koch and all other statements taken of persons other than the defendant, as a result of certain lists seized by the police at the defendant’s place of employment. Judge Roach also granted the defendant’s motion to dismiss the information, charging him with violation of section 970 of the Penal Law.
*1041 In Ms decision, Judge Roach held that the affidavit submitted by the State Police Investigator Vasisko to this court contained sufficient facts to warrant the issuance of the search warrant; that the information of Investigator Vasisko was based on reliable information and that the informants were reliable. He held that there were reasonable grounds for belief on the part of Investigator Vasisko that the defendant was violating the law against the possession of certain lottery tickets and possibly the sale of the same, sufficient to warrant hi s swearing to an affidavit and sufficient to warrant the issuance of a search warrant based upon such an affidavit. He held further that the evidence seized as a result of the search of the person of the defendant was not unreasonable or unlawful. He denied the defendant’s motion to suppress evidence pertaining to violation of section 975 of the Penal Law. The Judge held and it is admitted by the prosecution that the name of Arthur Julius Koch and his relationship with the defendant came about as a result of the execution of the search warrant.
The People allege that Judgé Roach committed error when he held as a matter of law that the use of the names seized upon various lists found in the defendant’s possession in charging the defendant with sale of lottery tickets was an unreasonable and unlawful use of the search warrant which had been issued.
Investigator Yasisko testified at the hearing that his informant had seen the defendant make notations in a notebook of the numbers corresponding to the tickets purchased by the participants in his policy game. A search of the defendant revealed various notebooks and I. B. M. cards containing names and three-digit numbers alluding to the policy game. At the hearing, various officers of the Endicott Police Department testified that the name of Arthur Julius Koch was received from the New York State Police investigation after the defendant’s arrest. As a result of obtaining his name and the follow-up investigation which they conducted they questioned Mr. Koch who admitted to them that he had purchased lottery tickets from the defendant. Mr. Koch then swore to a deposition which was the basis for the arrest of the defendant for the sale of lottery tickets in violation of section 970 of the Penal Law. Judge Roach based his decision on the conclusion that section 792 of the Code of Criminal Procedure does not permit a search for merely evidence as such. He then concluded that the notebook listing participants in the policy game was mere evidence.
This court is unable to sustain the decision of Judge Roach. Section 792 of the Code of Criminal Procedure specifically provides in subdivision 3 that “property used or possessed with *1042 intent to be used as a means of committing a crime or offense or concealed to prevent a crime or offense from being discovered ’ ’ may be seized under a search warrant. In our view the notebook containing the names and numbers of lottery players is property used or possessed with intent to be used as the means of committing the crime of selling lottery tickets. By virtue of the very nature of “ policy ”, the lottery lists are covered under this subdivision. (See Commonwealth v. Dana, 43 Mass. 329; Allen v. State, 178 Md. 269. See, also, United States v. Joseph, 174 F. Supp. 539, affd. 278 F. 2d 504, cert. den. 364 U. S. 823.) In our opinion the search and seizure of these lists is similar to the seizure of the ledgers of customers and books of unfilled orders under the National Prohibition Act. In that situation, the courts have upheld the seizure of ledgers of customers on the ground that the articles were actually used in the commission of a crime. (Marron v. United States, 275 U. S. 192; Foley v. United States, 64 F. 2d 1, cert. den. 289 U. S. 762.)
Prosecution further contends that seizure of the evidence is permitted under subdivision 4 of section 792 of the Code of Criminal Procedure. This court agrees with the contention of the prosecution. Subdivision 4 of section 792 provides that property may be seized under a search warrant “ constituting evidence of crime or tending to show that a particular person committed a crime.” This subdivision has been specifically held to be a proper exercise of the legislative power and constitutional. (See People v. Carroll, 38 Misc 2d 630, 632.) In Abel v. United States (362 U. S., 217) the following items of evidence were held admissible against a motion to suppress: piece of graft paper carrying groups of numbers arranged in rows, allegedly a coded message; birth certificates; a hollowed-out pencil containing 18 microfilms and a block of wood wrapped in sandpaper and containing within it a small booklet with a series of numbers on each page, a so-called “ cipherboard ”. In this State, since the enactment of subdivision 4 of section 792 in 1962, search warrants have been issued for “mere evidence.” (“ Current Problems In The Law Of Search And Seizure,” Nathan R. Sobel, p. 87.)
It should be pointed out too that in this case, the law-enforcement officers did not enter the premises for the purpose of conducting a general exploratory search for merely evidentiary materials tending to connect the defendant with some crime. The search was specifically directed to the means and instrumentalities by which the crimes charged had been committed. This is not a case of search and seizure of an individual’s private *1043 papers, which is prohibited under the Fourth Amendment. (See Harris v. United States, 331 U. S. 145, 153, 154.)
We therefore hold that the lists of names of the policy players were properly seized from the defendant under a valid search warrant and in accordance with the provisions of subdivisions 3 and 4 of section 792 of the Code of Criminal Procedure. Since these lists were not the fruits of a poisoned tree, the State Police were justified in handling over the lists to the Endicott Police Department for their use in further investigation of the operation of the alleged lottery by the defendant. It was proper for the police to follow these “links and leads” to their logical conclusion, which was the defendant’s arrest for the sale of lottery tickets within the Village of Endicott.
It is the order of this court that the order of the Police Court of the Village of Endicott that the statement or deposition of Arthur Julius Koch be suppressed is hereby reversed. Further, the order of the Police Court of the Village of Endicott granting the defendant’s motion to dismiss the information charging the defendant with a violation of section 970 of the Penal Law of the State of New York is hereby reversed and the information is ordered to be reinstated.
It is our further decision that the defendant’s toolbox was also properly seized under the search warrant.