Abraham N. Geller,
J. Defendant, a doctor, charged with the crime of abortion in 27 counts, moves to dismiss the indictment or, in the alternative, to suppress the evidence as to all counts or, in any event, counts 2 to 27 inclusive, on the ground that they are predicated upon an unconstitutional and illegal search and seizure.
It was stipulated on argument of the motion that the Justice presiding in the arraignment part, where the motion was returnable, pass on the constitutional question raised and, if further disposition was required, to refer it to the Justice presiding in the part to which the case is to be assigned for trial. This is in accordance with the rule (Sup. Ct. Rules, N. Y. and Bronx Counties, Part 2, rule IV, subd. 3, par. [h]) and practice of the *269 court, that a motion to suppress disposable on the basis of a question of law should be decided by the Justice presiding in the arraignment part but, where there is an issue of fact requiring a hearing, to refer the motion for disposition to the trial part.
A search warrant was issued on February 9, 1965 based on a detective’s affidavit. He referred therein to a statement given to him by a woman, then confined in a certain hospital, that defendant had performed an abortion upon her in his office. The detective stated that he had seen her name on an appointment pad at the doctor’s office. The warrant directed search at the doctor’s office for “ appointment pad; directory of patients and records of medical history of [the named woman] and incoming calls and instruments (Speculum; a sound and forcepts) which defendant used in connection with an illegal abortion ”. On February 10, 1965, while defendant was in police custody, the detective executed the warrant and seized two steel file cabinets. After some period of time defendant moved in the Criminal Court of the City of New York for the return of his records and on April 28, 1965, before the return date, the records were voluntarily returned by the District Attorney. On May 5, 1965 this indictment containing 27 separate counts was returned against defendant.
Defendant contends that his appointment pad, directory of patients, medical records and records of incoming calls are “ mere evidence ” and may not constitutionally be the subject of a search under the Fourth Amendment to the Federal Constitution.
The Federal standard and most State search warrant statutes limit the warrant to fruits of a crime, contraband and instrumentalities used in the commission of a crime. In 1962 the New York statute (Code Crim. Pro., § 792) was amended to add subdivision 4, ‘ ‘ property constituting evidence of crime ’ ’. This defendant urges that the “ mere evidence ” rule of subdivision 4 violates the prohibition of the Fourth Amendment against unreasonable search and seizure and must be declared unconstitutional.
The court holds that subdivision 4 as such does not offend any constitutional standard and is a valid statutory enactment, adopted and existent in a number of States. But its use here to authorize a general and exploratory search of an individual’s private papers to search for possible evidence of crime or leads to obtain such evidence is constitutionally impermissible and, with respect to such papers and records, the warrant here must be held to have been improperly issued as a matter of law.
*270 The District Attorney maintains that, although the Federal Government is precluded at Federal trials from seizing mere evidence, citing Gouled v. United States (255 U. S. 298), recent decisions indicate that no such restriction exists respecting State power to do so, citing State v. Bisaccia (45 N. J. 504 [Aug., 1965]); People v. Thayer (Sup. Ct. of Cal., see 34 U. S. L. Week 2309 [Dec., 1965]); and People v. Carroll (38 Misc 2d 630 [1963]). New Jersey and California law also authorize the issuance of a search warrant to seize property constituting evidence of a crime.
Each of these cases actually dealt with tangible evidence bearing directly on the question of guilt. In Bisaccia the warrant issued for a search in defendant’s apartment for a pair of shoes “ with half moon heel ” purporting to match plaster casts of footprints made in muddy soil at the scene of the crime. In Thayer the warrant issued for records of defendant doctor indicating false billings of welfare cases, which the California court stated were ‘ ‘ instruments ’ ’ of the particular crime charged against the doctor. In Carroll the warrant authorized seizure of “ a quantity of 20 gauge shells used in a 20 gauge shot-gun, which was used as a weapon in committing a homicide. ’ ’
The holding in these three cases supports the view that subdivision 4, authorizing seizure of property constituting evidence of crime, is constitutional. In Thayer, though not necessary for its decision, the court, pointing out that the Supreme Court itself has not treated the Gouled ‘ ‘ mere evidence ’ ’ rule as a constitutional standard, held that the rule was not a constitutional standard imposed upon the States and had no application in California.
In Bisaccia, Chief Justice Weintbatjb clearly delineated the distinction which governs the application of the rule to the circumstances of this case — that is, that a State statute or rule authorizing seizure of property constituting evidence of a crime is constitutionally valid, but it cannot be used to violate the Fourth Amendment’s requirements by authorizing a general and exploratory search of a man’s private papers.
The Bisaccia opinion pointed out that the concept that mere evidence may not be subject of a search warrant is generally attributed to Boyd v. United States (116 U. S. 616). But the thrust of Boyd was said to be against the type of “ general warrant under which, without a finding of probable cause and without specificity, emissaries of the Crown were ordered to seize or rummage through a man’s private papers in the hope that something incriminatory would be uncovered. It was the exploratory invasion of a man’s privacy in his papers to which *271 Mr. Justice Bradley addressed the views that are here involved ”. The evil is that of the general warrant, the unrestricted invasion of the privacy of a man’s papers. The opinion then referred to subsequent cases which made it clear 1 ‘ that the private papers of an individual may be seized and introduced into evidence if the papers were used in the criminal operation ”.
Then, applying the true principle underlying the rule, the opinion noted the marked difference between private papers and other tangible objects, which did not involve rummaging through a man’s private files. The proper rule to be applied was then set forth: “We must remember that the Fourth Amendment protects ‘ unreasonable ’ searches and seizures and that the rule of Boyd is simply an application of the rule of unreasonableness to the specific subject matter there involved. When that rule or any other subsidiary rule evolved in the application of the Fourth’s prohibition against unreasonableness is sought to be applied beyond the setting in which the subsidiary rule was devised, we must measure the proposed application against the basic test laid down in the Amendment itself and ask whether the search or seizure is unreasonable. If we thus approach the issue before us, the answer seems plain, for there is nothing unreasonable about searching for a pair of shoes to match them with a culprit’s footprint. " * * The bloody shirt is routinely used as evidence against the accused.”
Upholding the New Jersey court rule, the court concluded: ‘ ‘ The truth is that government searches and seizes to obtain evidence of guilt. * * * The answer is that the Fourth Amendment contemplates that things may be seized for their inculpatory value alone and that a search to that end is valid, so long as it is not otherwise unreasonable and the Fourth Amendment’s formal requirements, if applicable, are met.” (Emphasis added.)
The logic and force of the distinction so clearly enunciated in Bisaccia points the way to decision in this case. Subdivision 4 of section 792 is constitutional but cannot be applied to authorize an unreasonable search of the private papers of an individual with the hope of uncovering something incriminating. To the extent that this warrant directed search and seizure of any papers or records other than those pertaining directly to the named patient, it was on its face providing for an exploratory and unreasonable search and seizure into the doctor’s private records dealing with other patients, for which no probable cause was shown. The warrant on its face goes far beyond the showing made in the supporting affidavit, which set forth facts related solely to the one named patient. It must be held
*272 as a matter of law that, with respect to any papers relating to all other patients, the warrant was issued entirely without authority.
Accordingly, defendant is entitled to an order suppressing all evidence and evidentiary leads obtained or derived from such unreasonable search and seizure and intended to be used in support of counts 2 to 27 inclusive. The exclusionary rule covers the fruits as well as the evidence obtained by an unlawful search. So far as these counts are concerned, the People can proceed only on the basis of knowledge of the facts shown to have been gained from an independent and untainted source (Silverthorne Lbr. Co. v. United States, 251 U. S. 385; People v. Rodriguez, 11 N Y 2d 279).
(February 24, 1966)
The court treats the District Attorney’s letter dated February 8, 1966 as an application for reargument and the letter of defendant’s attorney dated February 21, 1966 as the response thereto.
The District Attorney requests modification of the decision herein to the extent of referring the issue of the validity of the search warrant to a trial part for a full hearing. The court had held as a matter of law that the warrant had been issued without authority insofar as it provided for an exploratory search into records dealing with other patients than the one patient described and referred to in the supporting affidavit. The order to suppress was limited to evidence and evidentiary leads obtained or derived from such unreasonable search and seizure to be used in support of counts 2 to 27, but without restricting the right of the People to proceed as to those counts on the basis of knowledge of facts gained from independent and untainted sources.
There are no questions of fact requiring a hearing involved in this determination of the invalidity of the warrant to the extent indicated and the unreasonableness of the exploratory search made ostensibly under its authority. If, as the District Attorney argues, the supporting affidavit and the warrant described only the records of the one patient, why were the records described in such loose and disjointed a manner in the warrant as to be susceptible of the interpretation that they included appointment pad and directory of all patients of the doctor, to be followed in fact by seizure of two steel file cabinets containing all of the doctor’s records? There can be no doubt and no issue of fact as to the unreasonableness of this search *273 insofar as records of any patients other than the one described are concerned, and that alone is the holding of the decision.
Actually, analysis of the District Attorney’s argument indicates that he is not attempting to defend the search and seizure of records relating to other patients. The decision clearly leaves the first count unaffected and the motion to suppress as to that count on the ground herein alleged has quite obviously been denied. And, as to the other counts, the District Attorney may still proceed upon the basis of independent evidence.
The motion for reargument or modification is denied.