William E. Ringel, J.
The defendants moved to controvert the search warrant issued herein and to suppress the items seized thereunder (Code Crim. Pro, § 807). The warrant directed a search and seizure of “written records and other paraphernalia and equipment, used and possessed unlawfully in connection with illegal bookmaking operations”. The only description of the items to be seized are described in the supporting affidavit as “Football Pool Tickets.”
At the hearing- the evidence disclosed that the football pool tickets are printed sheets of paper containing the names of various football teams, amateur and professional, scheduled to play on a certain date together with the “ point spread ” between opposing teams.
Winners of these football matches may be selected by circling certain numbers printed on the bottom of each sheet. The selection of a certain number of winning teams entitles one to a certain number of points, as printed on the top of each ticket.
The evidence also indicated that the defendants printed and distributed these pool tickets. No evidence was adduced indicating that they were used in connection with any bets or wagers, nor does the supporting affidavit contain any such facts.
The principal question to be decided is whether the printing or mere possession of these football pool tickets, without more, is a sufficient lawful predicate upon which a search warrant may be issued.
Section 792 of the Code of Criminal Procedure provides that a search warrant may be issued for the seizure of fruits, instrumentalities or evidence of crime, and for contraband. (United- *542 States v. Nirenberg, 19 F. R. D. 421; People v. Carroll, 38 Misc 2d 630; of. People v. Grossman, 45 Misc. 2d 557.)
It is obvious that these football pool tickets are not fruits, instrumentalities, contraband or evidence of crime.
The defendants are charged with book-making (Penal Law, §§ 986, 986-b). While it is true that these pool tickets may be used in such unlawful activity there is no evidence that they were so used or intended for that purpose (People v. Smoke, 38 Misc 2d 939).
A comparable situation was presented in People v. Rodriguez (49 Misc 2d 324) involving the printing of policy slips. In that case the court said (p. 326): “ Absent a wager, however — and in the case at bar, it is conceded that no wager had been made — the boli-pol booklet is not a record of anything. It necessarily follows that possession by defendant of unplayed boli-pol booklets was not the possession contemplated by section 975 of the Penal Law.”
So too, in the case at bar the mere possession of football pool tickets which contain no evidence of any bet or wager is no evidence of pool-selling or book-making anymore than it is evidence of possession of book-making or pool-selling records (Penal Law, §§ 986, 986-b). (Cf. People v. McDonald, 47 Misc 2d 1040.)
The fact that such pool tickets are adaptable for use in these proscribed activities does not change their character.
Many items, such as dice or playing cards, are susceptible of being used for gambling, but their mere possession is not unlawful. The critical point is the use to which these items are put.
Furthermore the warrant is invalid for lack of specificity as to the items sought. The language in the warrant directed a search and seizure of 1‘ written records and other paraphernalia and equipment, used or possessed unlawfully in connection with illegal bookmaking operations.” This language is so broad as to be tantamount to authorization for general search. General searches are proscribed (Stanford v. Texas, 379 U. S. 476; Marron v. United States, 275 U. S. 192; People v. Matherson, 16 N Y 2d 509.)
It is the decision of this court that the search warrant issued herein for the search and seizure of the football pool tickets in this case was unlawful. The motion to controvert and to suppress is granted.
In view of the determination it is unnecessary to reach the other questions raised by the defendants.