■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SIDNEY DUNAEFF, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 6, 1965, convicting him of attempted robbery in the third degree, upon a plea of guilty, and sentencing him to serve 2½ to 5 years. Judgment modified, on the facts, by reducing the sentence to 1 to 2 years. As so modified, judgment affirmed. In our opinion, under all the circumstances, the sentence was excessive. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES GIVENS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 17, 1964, convicting him of violation of section 340 of the Banking Law, a misdemeanor, (engaging in the business of making loans of $800 or less without a license), upon a plea of guilty, and imposing sentence. Defendant's appeal brings up for review (Code Crim. Pro., § 813-c) an intermediate order of said court, entered May 4, 1964, which after a hearing, denied his motion to controvert a search warrant and to suppress the evidence seized upon the execution of such warrant. Order and judgment affirmed. In our opinion, the motion to suppress was properly denied. Although we agree with the defendant's contention that the search warrant lacked specificity and may have fallen within the rule proscribing general searches as unwarranted fishing expeditions (cf. *Stanford* v. *Texas*, 379 U. S. 476, 486; *Marron* v. *United States*, 275 U. S. 192, 196; *People* v. *Carroll*, 38 Misc 2d 630, 634), nevertheless, this irregularity does not affect the validity of the defendant's judgment of conviction, entered upon his plea of guilty, since it is incontrovertible that the People did obtain the challenged book of account as incidental to defendant's lawful arrest on sufficient cause. While, therefore, as indicated, the search warrant may have been assailable because it was a general warrant, the People's possession of the book seized as an incident to lawful arrest was not dependent on the validity of the search warrant, and the book was independently receivable in evidence as an incident to the arrest, if the People elected to offer it as an exhibit (*People* v. *Matherson*, 16 N Y 2d 509; *People* v. *Peskin*, 16 N Y 2d 511). The practicability of obtaining a search warrant is not controlling when a seizure is justified as an incident to the arrest (*Ker* v. *California*, 374 U. S. 23, 31). The fact that the book was defendant's property and was evidentiary in character did not preclude its seizure as something that was unreasonable or violative of due process under the Fourth and Fifth Amendments (*People* v. *Carroll*, supra; *State* v. *Bisaccia*, 45 N. J. 504). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.