■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LEONARD GROSSMAN, MICHAEL SCANDIFIA and LAWRENCE PISTONE, Respondents, et al., Defendant.— Appeal by the People from an order of the Supreme Court, Kings County, dated March 30, 1966, which resettled and amended an order of said court, dated March 19, 1965, and which granted the motions of defendants Grossman, Scandifia and Pistone (a) to suppress from introduction into evidence upon the trial of the indictment any conversation and any proof obtained as a result of overhearing such conversation pursuant to an order for eavesdropping and to suppress two pistols from use in evidence and (b) to dismiss the indictment. The defendant Ferrara was not apprehended until May 3, 1965, a date subsequent to the dismissal of the indictment as to defendants Grossman, Scandifia and Pistone. Order reversed, on the law and the facts, motions denied and indictment reinstated. In our opinion, the ultimate fact that the evidence sought to be suppressed herein was evidentiary in character did not preclude its seizure as unreasonable or violative of due process under the Fourth, Fifth and Fourteenth Amendments (*People* v. *Givens*, 26 A D 2d 684; *People* v. *Berger*, 18 N Y 2d 638; *People* v. *McCall*, 17 N Y 2d 152; *Black* v. *United States*, 385 U. S. 26; *People* v. *Carroll*, 38 Misc 2d 630; *State* v. *Bisaccia*, 45 N. J. 504). Brennan, Acting P. J., Hill and Rabin, JJ., concur; Hopkins, J., concurs with the following memorandum: The claim of the unconstitutionality of section 813-a of the Code of Criminal Procedure has been repelled by a recent decision (*People* v. *Berger*, 18 N Y 2d 638). A further word may be added. From the very nature of the Fourth Amendment, the courts must be the arbiters of the reasonableness of a search into the privacy of an individual and the sufficiency of the authority, whether by warrant or order, under which a search is made. A search into a man's house or office is a trespass, and our history and tradition teach us that it is not to be easily tolerated. Yet the right to privacy under the Constitution is not absolute but relative, and in effect a trespass is authorized if the conditions of the Fourth Amendment are satisfied. From the beginning of the resistance to the trespass by unalwful searches, before the adoption of the Bill of Rights, there was recognized the necessity of permitting an intrusion into privacy for the full protection of society and public order, through either a specific warrant obtained in compliance with law, or an arrest legally made

(2 Hale, History of the Pleas of the Crown [1st ed.], p. 150; *Ex parte Burford*, 3 Cranch. [7 U. S.] 448; *Weeks* v. *United States*, 232 U. S. 383). The Fourth Amendment continues that protection to society, while at the same time it forbids the unreasonable search made without authority. Because the conditions of society vary, so do the considerations of reasonableness in testing the search. Thus, a warrant is obviated when a search is made of an automobile (*Carroll* v. *United States*, 267 U. S. 132; cf. *Scher* v. *United States*, 305 U. S. 251), or when the search is directed toward goods easily disposable (*Ker* v. *California*, 374 U. S. 23). A world of swift communication and transportation induces the need for the use of devices discovered through the advance of science to detect and combat the criminal who operates with the advantages of science. In using electronic devices to eavesdrop, the order of the court under section 813-a may issue only on an affidavit showing reasonable grounds, and thus it meets the conditions of the Fourth Amendment authorizing the trespass. Overhearing a conversation, with or without the use of electronics, necessarily cannot be precisely directed toward one particular crime; all is heard, and the conversation turns at the will of the speakers. In *People* v. *Berger* (18 N Y 2d 638, *supra*), the eavesdropping produced conversations relating to the crime under investigation and described in the affidavit supporting the order. Here through eavesdropping authorized by the order based on a showing of participation of Scandifia, in the crime of theft, conversations indicating the participation of all the defendants in a conspiracy to commit the crime of murder were overheard. But I do not consider that the difference vitiates the search in this case. I cannot believe that the Fourth Amendment commands us to ignore the words of conspirators to murder, while validating the use of their words for the crime of larceny. To put it differently, the reasonableness for the search and detection of conversations must be tested by the need shown by the affidavit in support of the order under section 813-a and, once that need is established under the traditional standards, the search must envelop the use of the conversations as evidence of any crime thereby uncovered, just as in the use of evidence and contraband found in the execution of a search warrant (cf. *People* v. *Daily*, 157 Cal. App. 2d 649; *Eisenstein* v. *State*, 200 Md. 593), or found as a result of a legal arrest (*Marron* v. *United States*, 275 U. S. 192; *Harris* v. *United States*, 331 U. S. 145; *United States* v. *Rabinowitz*, 339 U. S. 56; *Abel* v. *United States*, 362 U. S. 217). Otherwise, we introduce refinements in the test of reasonableness in the use of eavesdropping which are difficult to enforce or to justify. Benjamin, J., concurs with Hopkins, J. [45 Misc 2d 557.]